UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA ESTER ORTIZ,

    Petitioner,

v.                                      Case No: 2:16-cv-516-FtM-29CM
                                            Case No. 2:04-CR-77-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #143)[1] filed on June 28, 2016. The government filed a Response in Opposition to Motion (Cv. Doc. #8) on September 27, 2016.

**I.**

On September 1, 2004, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #6) charging petitioner and her co-defendant with conspiracy to possess with intent to distribute, and to distribute 500 grams or more of cocaine, and possession with intent to distribute and distribution of 500 grams or more of cocaine.

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

On February 3, 2005, petitioner appeared before the Magistrate Judge and entered a plea of guilty as to Count One, with the government to move for dismissal of Count Two at sentencing. (Cr. Doc. #61.) The plea was accepted and petitioner was adjudicated guilty. (Cr. Doc. #64.) On May 31, 2005, the Court sentenced petitioner to a term of imprisonment of 189 months as to Count One, followed by a term of supervised release, and dismissed Count Two on the government's motion. (Cr. Doc. #71.) Judgment (Cr. Doc. #73) was filed on June 1, 2005.

Petitioner filed a Notice of Appeal (Cr. Doc. #74), and the Court appointed new counsel on appeal (Cr. Doc. #85). On April 26, 2006, the Eleventh Circuit affirmed petitioner's conviction and sentence after review of counsel's Anders[1] brief. (Cr. Doc. #103); United States v. Ortiz, 178 F. App'x 889 (11th Cir. 2006).

Subsequently, on March 3, 2008, petitioner sought the retroactive application of Amendment 706 of the United Sentencing Guidelines to her sentence pursuant to 18 U.S.C. § 3582(c)(2), and the Court appointed counsel to review petitioner's eligibility. (Cr. Docs. ## 106, 112.) On July 7, 2008, the Court denied the motion because petitioner's career offender status placed her in the same guideline range. (Cr. Doc. #123.) Petitioner appealed the Opinion and Order, and the Eleventh Circuit affirmed on May 6,

---

[1] Anders v. California, 386 U.S. 738 (1967).

2009.  (Cr. Doc. #129); United States v. Ortiz, 327 F. App'x 167, 167 (11th Cir. 2009).

On April 9, 2015, the Court again appointed counsel to review petitioner's eligibility for a reduction in her sentence under Amendment 782.  (Cr. Doc. #139.)  On January 6, 2016, after notice of a determination that a motion would not be filed on behalf of petitioner because she was sentenced as a career offender and not based on the drug quantity table in U.S. Sentencing Guidelines Manual § 2D1.1(c), the Court relieved the Federal Public Defender as counsel of record.  (Cr. Doc. #142.)

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, the Eleventh Circuit affirmed petitioner's conviction and sentence on April 26, 2006, and petitioner did not seek certiorari review. Under Section 2255(f)(1), petitioner had one year from her conviction becoming final, or until on or before July 26, 2007, to file her § 2255 motion. 28 U.S.C. § 2255(f); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002) (a petitioner "gets the benefit of up to 90 days between the entry of judgment on direct appeal and the expiration of the certiorari period."). Giving petitioner the benefit of the mailbox rule[2], her motion under § 2255 was signed and executed for filing on June 23, 2016. Since this date is several years after the July 26, 2007 deadline, the motion is due to be dismissed as untimely.

Petitioner raises only one ground in her § 2255 motion, and has filed it pursuant to Section 2255(f)(3) based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and its retroactive application by Welch v. United States, 136 S. Ct. 1257 (2016) to collateral review. In Johnson, the United States Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. If Johnson applies to reduce petitioner's sentence, and the motion is not a successive petition,

---

[2] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

petitioner's motion would be timely filed by the deadline of June 26, 2016. In re Robinson, 822 F.3d 1196, 1198 (11th Cir. 2016) (Martin, J., concurring).

## III.

At sentencing, the Court determined that the Base Offense Level was 28 based upon the combined marijuana equivalent of approximately 534 kilograms, but petitioner's sentence was enhanced under the career offender provisions of U.S. Sentencing Guidelines Manual § 4B1.1. Petitioner was 52 when she committed the instant offense, it involves a controlled substance, and petitioner had at least two prior felony convictions at the time for the sale or delivery of cocaine. This resulted in an Enhanced Total Offense Level of 31 after deducting three levels for acceptance of responsibility. The Court determined that petitioner's Criminal History Category VI significantly over-represented her past criminal behavior and departed downward to a Category V, resulting in a guideline range of 168 to 210 months. After consideration the advisory recommendations of the U.S. Sentencing Guidelines, and all the factors identified in 18 U.S.C. § 3553(a)(1)-(7), the Court found that a sentence of 189 months of imprisonment was sufficient, but not greater than necessary, to

comply with the purposes set forth in 18 U.S.C. § 3553(a).[3]  (Cr. Doc. #138.)

On March 6, 2017, the United States Supreme Court affirmed the Eleventh Circuit in Beckles v. United States, 137 S. Ct. 886 (2017), and determined that the Sentencing Guidelines are not subject to the constitutional challenge for vagueness raised in Johnson.  Since petitioner's sentence was enhanced under the Sentencing Guidelines and not enhanced under the ACCA, Johnson does not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final, and petitioner's motion is also time-barred under Section 2255(f)(3).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #143) is **DISMISSED** as time-barred.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

---

[3] The Court noted that petitioner had been convicted of three prior cocaine felony offenses, and sentenced twice after violating probation.  The Court noted that the current offense was committed while on probation, and is a serious drug offense. (Cr. Doc. #94, p. 24.)

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA